NO. 07-09-00284-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 17, 2010

DUSTIN SEXTON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2009-453,856; HONORABLE DRUE FARMER, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Dustin Sexton appeals from his conviction for domestic violence assault and the resulting sentence of 365 days in the Lubbock County Jail, suspended in favor of community supervision for a period of twenty-four months. Through one issue, appellant contends the trial court erred in admitting testimony concerning statements made by the victim. We disagree and affirm the judgment of the trial court.

## Background

Appellant was charged by information with intentionally, knowingly or recklessly causing bodily injury to a female victim, his girlfriend.[1]  Appellant plead not guilty and the case was tried to a jury.

Appellant does not challenge the sufficiency of the evidence to support his conviction, so we will recite only those facts necessary to disposition of his appellate issue.  Appellant's girlfriend called 911, reporting a domestic disturbance.  When a Lubbock police officer responded to her 911 call, the victim answered the door.  She had what the officer believed to be streaked blood on her cheek and dried blood around her mouth.  The victim told the officer she and appellant had fought.  Appellant, she said, pulled her hair, punched her, and threw her on the floor.

Some time after these events, the victim completed and signed an affidavit of non-prosecution provided her by appellant's counsel.  During the week before appellant's case was to go to trial, the victim met with a prosecutor.  She testified she told the prosecutor during that meeting that what she told the officer the night of the alleged assault was not true.  The State offered her immunity.

At trial, the State's case included the victim's 911 call, which was played to the jury over appellant's objection.  In the call, the victim implicated appellant as the cause of her injuries.

---

[1] *See* Tex. Penal Code Ann. § 22.01(a)(1) (Vernon 2009); Tex. Fam. Code Ann. § 71.004 (Vernon 2001).

The State also called the victim to testify. She first asserted her Fifth Amendment rights, but then testified under the State's court-approved grant of use immunity. On the stand, she recanted her accusations that appellant caused her injury. She acknowledged telling the officer appellant did so, but testified that was not true. Her testimony was that she and appellant argued, and appellant tried to leave the apartment. She injured her mouth when appellant was walking out the door and she "grabbed onto his arm and he was pulling outside of the door, and I was trying to pull him back in. My hand let loose, and I hit myself in the mouth."

The officer also testified, recounting the victim's statements to him after her 911 call. Appellant objected to the State's questioning of the victim and officer about her statements implicating him as the cause of her injuries.

The jury found appellant guilty and assessed punishment against him as noted. This appeal followed.

Analysis

When reviewing a trial court's decision to admit or exclude evidence, we apply an abuse-of-discretion standard. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex.Crim.App. 2008). The trial court does not abuse its discretion unless its ruling lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

Appellant contends the trial court abused its discretion by admitting the 911 call, the victim's testimony concerning her statements to the police officer and the officer's

3

testimony concerning her statements, because the evidence should have been excluded under the analysis discussed in *Hughes v. State,* 4 S.W.3d 1 (Tex.Crim.App. 1999).[2] The court there held that despite the evidentiary rule permitting parties to impeach their own witnesses, a trial court may abuse its discretion under Rule of Evidence 403 if it allows the State to introduce impeachment evidence for the primary purpose of placing before the jury evidence that otherwise was inadmissible. *Id.* at 5. In such instances, the prejudicial effect of the ostensible impeachment evidence will substantially outweigh its probative value because it is useful to the State only if the jury misuses it by considering it for its truth. *Id.*

Appellant points out the State called her as its witness despite her execution of the affidavit of non-prosecution and her statement to the prosecutor the week before trial recanting her accusations against appellant, and argues the State's grant of immunity and statements to the jury panel demonstrate it knew she would testify contrary to its case. Appellant further argues the State put her on the stand for the purpose of laying the predicate for her prior inconsistent statements to impeach her. The State responds with several reasons it contends appellant's argument lacks merit. After review of the record, we conclude we need address only one of the State's contentions. We agree with the State the challenged evidence was admitted for purposes other than impeachment, and find that appellant has not contended on appeal that such admission was improper. Accordingly, the *Hughes* rule has no application here at all.

---

[2] Appellant relied also on *Barley v. State,* 906 S.W.2d 27, 37 (Tex.Crim.App. 1995) and *Pruitt v. State,* 770 S.W.2d 909, 911 (Tex.App.—Fort Worth 1989, pet. ref'd).

In response to appellant's hearsay objections to the 911 call recording, the State's questioning of the victim about her statements to the officer, and the State's questioning of the officer about the victim's statements, the State argued that all were admissible as excited utterances.[3] The court overruled appellant's objections, and the evidence was admitted without limiting instructions.[4] On appeal, appellant does not challenge the applicability of the excited utterance exception to the hearsay rule. The court heard testimony from which it reasonably could have concluded the victim's statements, both in the 911 call and during her conversation with the officer, related to a startling event and were made while she was under the stress of excitement caused by the event. Tex. R. Evid. 803(2); *see Dixon v. State*, 244 S.W.3d 472, 485-86 (Tex.App.—Houston [14th Dist.] 2007, pet. ref'd) (911 call as excited utterance); *Salazar v. State*, 38 S.W.3d 141, 154 (Tex.Crim.App. 2001) (statement attributing injury to defendant as excited utterance).

The Rule 403 analysis described in *Hughes* applies to otherwise inadmissible evidence admitted under the guise of impeachment. *Hughes,* 4 S.W.3d at 5. The trial court's unchallenged apparent conclusion the evidence in question here was not "otherwise inadmissible" takes appellant's complaint outside the scope of *Hughes*.

---

[3] The State argued also that the victim's statements to the officer were admissible under Rule of Evidence 803(3) as statements of her state of mind.

[4] Appellant sought a limiting instruction at trial but it was denied and its denial is not asserted as error on appeal.

5

Appellant's issue is overruled, and the trial court's judgment is affirmed.


James T. Campbell
Justice


Do not publish.